UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HICKS, | No. 2:25-cv-1234 CSK P |
| Plaintiff, | |
| v. | ORDER AND |
| T. BZOSKIE, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action brought under 42 U.S.C. § 1983. In his original complaint, screened by separate order issued herewith, plaintiff sought an "emergency injunction." (ECF No. 1 at 9.) To the extent plaintiff seeks preliminary injunctive relief, it is recommended that plaintiff's motion for preliminary injunctive relief be denied without prejudice.

I.   PLAINTIFF'S ALLEGATIONS

Plaintiff is a high risk medical patient, diagnosed with complex cardiovascular disease, has undergone triple bypass surgery, four arterial stents since 2021, and has frequent transient ischemic attack ("TIA") strokes, and takes nine prescription medications for his heart and hypertension. (ECF No. 1 at 11, 13.) The TIA strokes cause dizziness, numbness in plaintiff's face and right hand, inability to speak and atrial fibrillation. (Id. at 11.) In late 2023, plaintiff's primary care physician upgraded plaintiff's medical classification to specialized outpatient

1

1  housing ("SOP") with medium intensity nurse monitoring as a medical precaution that requires
2  headquarters approval to ensure rapid accessibility to a major heart hospital or university.[1]  (Id. at
3  11, 15.)  In late 2024, plaintiff sustained another rules violation report ("RVR"), and defendant
4  Heng asked Dr. Bzoskie to lower plaintiff's medical level of care to "facilitate greater prison
5  transfer options."[2]  (Id. at 14-15.)  Dr. Bzoskie lowered plaintiff's medical level of care without
6  examining plaintiff and at that time, neither defendant Heng nor Dr. Bzoskie knew plaintiff had
7  been admitted to the hospital.  (Id. at 15.)  On January 8, 2025, plaintiff appeared before the
8  classification committee where he learned that defendants Heng and Garry were transferring
9  plaintiff to a basic care facility without HCPOP oversight.  (Id.)  Plaintiff alleges that defendants
10 have reduced his medical classification and housed him in a basic state prison that does not
11 provide access to the nurse monitoring he requires and is not near a major heart hospital or
12 university for stroke workups.  (Id.)

13 II.      REQUEST FOR EMERGENCY INJUNCTION

14        A.  Plaintiff's Allegations

15        In his complaint, plaintiff seeks an emergency injunction to be housed in a medical facility
16 that has specialized outpatient care.  (ECF No. 1 at 9.)  Plaintiff contends defendants are
17 withholding such housing due to plaintiff's high classification score of over 100 points and over
18 100 RVRs.  (Id.)  Plaintiff argues that custody defendants are denying plaintiff proper medical
19 care for his complex heart disease due to custody factors and placing plaintiff in danger of harm
20 due to stroke or death.  (Id.)

21 ///
22 ///
23

---

24 [1] Plaintiff explains that the CDCR has three major medical classifications:  basic, intermediate
   and central.  (ECF No. 1 at 12.)  Prisoners who are medically classified as intermediate or central
25 require oversight and placement by CDCR headquarters' Health Care Placement Oversight
26 Program ("HCPOP") unit.  (Id.)

27 [2] Plaintiff, a level IV prisoner, admits that he is difficult to place due to his high classification
   score, repeated RVR's, and numerous enemies throughout the CDCR.  (ECF No. 1 at 12.)
28

B. <u>Legal Standards</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. <u>Id.</u> at 20. A deficiency in any element precludes relief. <u>Id.</u> at 23.

As to the second element of <u>Winter</u>, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. <u>See Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 130-31 (1969); <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80 (9th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1020 (1998).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. <u>See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Finally, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); <u>Villery v. California Dep't of Corr.</u>, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places

significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

### C. Discussion

Here, plaintiff's request for injunctive relief was included in his complaint that is screened herewith, and no defendant has been served with process. Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350. In addition, based on the security issues posed by plaintiff's behavior in prison, which plaintiff readily admits, it will be important for defendants to address any motion to re-house plaintiff.

Plaintiff's complaint alleges plaintiff is likely to suffer "serious harm or death" if he remains housed at Mule Creek State Prison. (ECF No. 1 at 6.) But he did not specifically address all of the elements required under Winter: "that he is likely to succeed on the merits," "that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20.

For the above reasons, the Court recommends that plaintiff's motion for injunctive relief (ECF No. 6) be denied without prejudice. The Clerk of the Court is directed to send a copy of this Order and Findings & Recommendations, and plaintiff's complaint to Joanna Hood, Supervising Deputy Attorney General, who was the attorney for defendants Armenta and Gates in plaintiff's prior case (see Hicks v. Gates, No. 2:24-cv-0054 DJC DMC P (E.D. Cal.)), as well as to Monica Anderson, Senior Assistant Attorney General.

### III.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case.

2. The Clerk of the Court is directed to send copies of this Order and Findings & Recommendations, and plaintiff's complaint (ECF No. 1) to Monica Anderson, Senior Assistant

Attorney General, and Joanna Hood, Supervising Deputy Attorney General, Office of the Attorney General, 1300 I St., Suite 125, P.O. Box 944255, Sacramento, CA 94244-5205.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 1 at 9) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 8, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/hick1234.pi