UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HICKS, | No. 2:25-cv-1234 CSK P |
| Plaintiff, | |
| v. | ORDER |
| T. BZOSKIE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for reconsideration, motion for leave regarding exhaustion, and notice of election to proceed on the original complaint are before the Court. (ECF Nos. 12, 13, 14.) As discussed below, the Court deems plaintiff's motion for reconsideration withdrawn, and denies plaintiff's motion regarding exhaustion of administrative remedies.

I.  BACKGROUND

On May 8, 2025, the Court screened plaintiff's complaint, and plaintiff was granted an opportunity to elect to proceed on his Eighth Amendment claims as to defendants Dr. T. Bzoskie, Dr. Scrubbs, T. Heng, CCII, and J. Garry, Associate Warden, all employed at California Medical Facility, and defendant S. O'Connor, a correctional officer at Mule Creek State Prison ("MCSP"), or plaintiff could elect to amend his complaint. (ECF No. 6.)

1

1    Plaintiff did not elect to amend, but on May 27, 2025, filed a motion for reconsideration of
2    the screening order.  (ECF No. 12.)  However, on June 2, 2025, plaintiff filed a notice of election
3    to proceed with the original complaint as screened by the Court.  (ECF No. 14.)  Plaintiff also
4    filed a motion for leave regarding exhaustion of administrative remedies.  (ECF No. 13.)

## II.    MOTION FOR RECONSIDERATION

In his motion for reconsideration, plaintiff asked the Court to reconsider the screening order, arguing that defendants Correctional Sgt. A. Guzman, Associate Warden R. Nuckles, Dr. Zepp, Dr. F. Garmenda, Doe #1, and H. Uppal should not be dismissed.  (ECF No. 12.)  Plaintiff's motion was signed on May 20, 2025.  (Id. at 7.)  However, on May 21, 2025, plaintiff signed his notice of election to proceed with the original complaint.  (ECF No. 14.)  Because plaintiff subsequently signed his notice of election confirming his decision to proceed with the original complaint as screened by the Court, the Court construes the notice of election as plaintiff's withdrawal of his earlier motion for reconsideration.

By separate order, the Court will order service of process.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In his motion for leave regarding exhaustion, plaintiff makes arguments concerning the exhaustion of administrative remedies and provides copies of grievances.  (ECF No. 13 at 1-16.)

"Nonexhaustion" is "an affirmative defense" and defendants have the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino v. Baca, 747 F.3d 1162, 1171-72 (9th Cir. 2014).  A remedy is "available" where it is "capable of use; at hand."  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1171).

Because exhaustion is an affirmative defense, plaintiff's arguments and submission of evidence to rebut an exhaustion claim is premature.  Defendants must first file a motion raising such allegation; then plaintiff is entitled to file an opposition and evidence in support of such opposition.  Local Rule 230(l).  Defendants have not yet been served or appeared in this action, and no defendant has filed a motion concerning exhaustion of administrative remedies.  Thus, there is no need for plaintiff to address the issue of exhaustion, and his exhaustion arguments are

premature. Plaintiff's motion for leave regarding exhaustion (ECF No. 13) is denied.

IV. ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 12) is deemed withdrawn.

2. Plaintiff's motion for leave regarding exhaustion (ECF No. 13) is denied.

Dated: June 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hick1234.rec