UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES HICKS,

Plaintiff,

v.

T. BZOSKIE, et al.,

Defendants.

No.  2:25-cv-1234 DAD CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Two matters are pending.

I.      Defendants' Motion to Dismiss

On December 16, 2025, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12. Plaintiff did not oppose the motion.

Local Rule 230(l) provides in part:  "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Local Rule 230(l).  On June 17, 2025, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.  (ECF No. 17.)

Rule 41(b) of the Federal Rules of Civil Procedure provides:

1

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Good cause appearing, plaintiff shall file an opposition, if any, to the motion to dismiss. Plaintiff is cautioned that failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Said failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

II.     Defendants' Motion to Stay Discovery

On December 22, 2025, defendants filed a motion to stay discovery pending the Court's ruling on defendants' motion to dismiss. Plaintiff has not filed an opposition. The Court has not yet issued a discovery and scheduling order.

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. Id. (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). A pending motion to dismiss may provide good cause to stay discovery where the pending motion may "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and "whether the pending, potentially dispositive motion can be decided absent additional discovery." See Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).

Here, defendants contend that plaintiff failed to exhaust his administrative remedies as to all claims pending in this action. (ECF No. 33.) Thus, the motion is potentially dispositive of the

2

entire case.  In addition, defendants point out that their motion to dismiss is based on plaintiff's admission that he failed to exhaust on the Court record.  (ECF No. 13.)  Thus, the motion may be decided without additional discovery.  Good cause appearing, defendants' motion to stay discovery is granted.

Accordingly, IT IS HEREBY ORDERED that:

1.   Within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss (ECF No. 31).  Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Said failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2.  Defendants' motion to stay discovery (ECF No. 33) is granted.

Dated:  January 23, 2026

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hick1234.nop.sty.dsc