UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HICKS,<br>Plaintiff,<br>v.<br>T. BZOSKIE, et al.,<br>Defendants. | No. 2:25-cv-1234 DAD CSK P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Two motions to amend are before the Court.

**I. PLAINTIFF'S CURRENT ALLEGATIONS**

In screening plaintiff's original complaint, the Court found that plaintiff adequately stated potentially cognizable Eighth Amendment claims against defendants Dr. T. Broskie, Associate Warden J. Garry, CCII T. Heng, and Dr. A. Scrubbs, all employed at California Medical Facility, based on their intentional interference with plaintiff's serious medical needs, and against defendant S. O'Connor, employed at Mule Creek State Prison ("MCSP"), based on S. O'Connor's failure to call for medical help sooner, after which plaintiff suffered another stroke. (ECF Nos. 6, 17.)

**II. PROCEDURAL BACKGROUND**

Plaintiff filed his complaint on April 25, 2025. (ECF No. 1.) On December 16, 2025,

defendants filed a motion to dismiss this action based on plaintiff's failure to exhaust administrative remedies prior to filing this action. (ECF No. 31.) The motion to dismiss has not yet been finally resolved.

On June 26, 2026, plaintiff filed a document styled "Plaintiff's Request to Amend Complaint." (ECF No. 50.) On July 6, 2026, plaintiff filed a second motion to amend, accompanied by a proposed amended complaint. (ECF No. 51.)

**III. PLAINTIFF'S FIRST MOTION TO AMEND**

On June 26, 2026, plaintiff filed his first motion to amend his complaint. (ECF No. 50.) Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the Court is unable to evaluate it. Therefore, plaintiff's motion is denied without prejudice.

**IV. PLAINTIFF'S SECOND MOTION TO AMEND**

On July 6, 2026, plaintiff filed a second motion to amend and provided a proposed amended complaint. (ECF No. 51.) Plaintiff seeks to add a new defendant, Wiggins, a correctional counselor I at MCSP, based on incidents that took place from May 5, 2026, to the present. (Id. at 1-2.) Plaintiff alleges that on May 5, 2026, he was transferred back to MCSP at the EOP[1] level of care, despite being medically classified as "specialized outpatient - medium intensity nursing" due to plaintiff's cardio arterial disease with vascular stents in the left carotid artery. (Id. at 2.) Plaintiff states he often has transient ischemic attack ("TIA") symptoms requiring repeated emergency department hospital admissions. (Id.) On June 26, 2026, plaintiff claims he was reclassified by his treatment team to CCCMS. (Id.)

In his proposed amended complaint, plaintiff alleges that he asked putative defendant Wiggins to refer plaintiff back to the CDCR headquarters' Health Care Placement Oversight

[1] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

Program ("HCPOP") unit so that plaintiff can be housed at CMF or Stockton because plaintiff was no longer assigned the EOP level of care. Wiggins refused plaintiff's request, informing plaintiff he must wait for his next annual classification review. (ECF No. 51 at 16.) Plaintiff explained that plaintiff suffers from cardiovascular issues and that he was currently medically classified as specialized outpatient-medium intensity nursing, and that Wiggins' denial delayed plaintiff's medical care and placement. (Id.) Wiggins responded that due to plaintiff's classification score and RVR history, he would never be qualified for placement in a center institution regardless of his medical condition. (Id.)

Plaintiff's proposed amended complaint is deficient because it fails to set forth the relief he seeks. In addition, plaintiff's claim against putative defendant Wiggins differs from those raised in the original complaint because the new putative claim did not arise from the same transaction, occurrence, or series of transactions and occurrences. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]. George, 507 F.3d at 607.

The proposed new claim against putative defendant Wiggins is unrelated to plaintiff's claims against defendants Dr. A. Scrubb at CMF and S. O'Connor at MCSP because the new claim does not concern specific medical treatment or a failure to promptly notify medical staff about plaintiff's urgent medical needs. As to defendants Dr. T. Broskie, Associate Warden J. Garry, and CCII T. Heng, all employed at CMF, plaintiff alleged their intentional interference with plaintiff's serious medical needs by lowering his level of care and depriving him of the specialized outpatient care due to his medical classification for medium intensity nursing care violated plaintiff's Eighth Amendment rights. In the proposed amended complaint, plaintiff

wanted to be referred to the HCPOP unit for possible transfer to CMF or Stockton, based on his current medical classification as specialized outpatient-medium intensity nursing. (ECF No. 51 at 15-16.) Despite Wiggins' alleged statement that plaintiff "would never be qualified" for such housing, plaintiff does not allege that Wiggins was attempting to reduce or withdraw that medical classification as alleged in the original complaint. Thus, plaintiff's putative claims against Wiggins should not be brought in this action, but should be raised in a different lawsuit.

Finally, due to the pending motion to dismiss, plaintiff's motion to amend is premature. Plaintiff should not renew any motion to amend, if appropriate, until after final resolution of the pending motion to dismiss, including the district court's decision on this Court's findings and recommendations.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 50) is DENIED without prejudice.
2. Plaintiff's motion to amend (ECF No. 51) is DENIED without prejudice. Plaintiff shall not renew his motion to amend, if appropriate, until after resolution of the pending motion to dismiss, including the district court's decision on this Court's findings and recommendations.

Dated: July 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/hick24cv1234.mta