UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES HICKS,

Plaintiff,

v.

T. BZOSKIE, et al.,

Defendants.

No. 2:25-cv-01234-DAD-CSK P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT AS REQUIRED

(Doc. No. 31, 52)

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 13, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss this action (Doc. No. 31) due to plaintiff's failure to exhaust administrative remedies prior to filing suit as required, be granted in part. (Doc. No. 52.) Specifically, the magistrate judge concluded that defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit as to defendants Dr. T. Bzoskie, T. Heng, and J. Garry should be denied without prejudice, but that the motion to dismiss as to defendants Dr. A. Scrubb and S. O'Connor should be granted and plaintiff's claims brought

against the latter two defendants should be dismissed without prejudice. (*Id.* at 6–13.) In reaching this conclusion the magistrate judge rejected defendants' arguments that plaintiff failed to exhaust his administrative remedies as to Dr. T. Bzoskie, T. Heng, and J. Garry, explaining that those defendants had failed to meet their burden of showing that plaintiff's Appeal Log No. CMC HC 23000663 was insufficient for purposes of exhaustion as to an ongoing medical need because the defendants had failed to present that inmate grievance to the court for review and the issue could therefore not be resolved on a motion to dismiss. (*Id.* 9–12.) However, as to defendants Dr. A. Scrubb and S. O'Connor, the magistrate judge explained that the inmate grievances relied upon by plaintiff for purposes of exhaustion either involved claims other than those brought by plaintiff in this action or where not submitted by plaintiff until after he had filed this civil action. (*Id.* 9–12.) )

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 15.) On July 31, 2026, the court received plaintiff's objections to those findings and recommendations. (Doc. No. 55.) On August 7, 2026, defendants filed a response to plaintiff's objections. (Doc. No. 57.)

In his objections plaintiff mentions only Dr. T. Bzoskie and J. Garry. (Doc. No. 55.) However, the magistrate judge recommended that defendants' motion to dismiss plaintiff's claims brought against those defendants for failure to comply with the exhaustion requirement be denied. (Doc. No. 52 at 10–12.) In their response to plaintiff's objections defendants point this out. (Doc. No. 57 at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on July 13, 2026 (Doc. No. 52) are adopted in full;

/////

2. Defendants' motion to dismiss this action (Doc. No. 31) due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required is granted as to defendants Dr. A. Scrubb and S. O'Connor and plaintiff's claims brought against those two defendants are dismissed without prejudice;

3. Defendants' motion to dismiss this action (Doc. No. 31) due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required is denied without prejudice as to defendants Dr. T. Bzoskie, T. Heng, and J. Garry and this action will now proceed solely as to those claims; and

4. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE